UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BORA GURSON,<br><br>                        Plaintiff,<br>      v.<br><br>BRETT D. MCDONALD, et al.,<br><br>                        Defendants. | CASE NO. C17-0682JLR<br><br>ORDER GRANTING MOTION TO EXTEND TIME |

## I. INTRODUCTION

Before the court is Plaintiff Bora Gurson's motion to extend the time (MTE (Dkt. # 6)) to respond to Defendants Brett D. McDonald and Jane Doe McDonald's (collectively, "Defendants") motion to enforce a settlement agreement (MTES (Dkt. # 4).) Defendants have not responded to Mr. Gurson's motion. (*See* Dkt.) The court has

//
//
//

ORDER - 1

considered the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part Mr. Gurson's motion.

## II. BACKGROUND & ANALYSIS

On April 24, 2017, Defendants removed this action from King County Superior Court to the Western District of Washington. (Not. of Removal (Dkt. # 1).) On May 3, 2017, Defendants moved to enforce a purported settlement agreement between the parties (*see* MTES), and Mr. Gurson moved to remand this case to King County Superior Court (MTR (Dkt. # 5)). Both motions are noted for May 26, 2017. (*See* MTES at 1; MTR at 1); Local Rules W.D. Wash. LCR 7(d)(3). Accordingly, Mr. Gurson requests that the court either (1) strike the May 26, 2017, noting date for the motion to enforce ,or (2) relieve Mr. Gurson of his obligation to file a response to the motion based on that noting date. (MTE at 2.) Mr. Gurson argues that extending the time for his response will preserve judicial resources because the court need not rule on the motion to enforce if the court grants Mr. Gurson's motion to remand. (*Id.* (citing Fed. R. Civ. P. 6(b)(1)(A).) The court now addresses Mr. Gurson's motion to extend.

The court finds good cause for extending Mr. Gurson's time to respond to Defendants' motion to enforce. *See* Fed. R. Civ. P. 6(b)(1)(A); *Cunningham-Dirks v. Nevada*, No. 2:12-CV-00590-PMP-VCF, 2013 WL 1187485, at *1 (D. Nev. Mar. 19, 2013) ("[T]he Court may grant an extension of time for 'good cause' if the moving party requests the extension before the applicable deadline expires."); *Godinez v. Law Offices*

---

[1] No party has requested oral argument, and the court determines that oral argument would not help its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

*of Clark Garen*, No. SACV 16-00828-CJC(DFMx), 2016 WL 4527512, at *1 (C.D. Cal. Aug. 30, 2016) (stating that courts generally find good cause in the absence of neglect, lack of diligence, bad faith, or prior extensions). Ruling on Mr. Gurson's motion to remand first would preserve the court's judicial resources because if the court grants that motion, it will be unnecessary for the court to rule on Defendants' motion to enforce. *See Gonzalez v. Organon USA*, No. C 12-6161 PJH, 2013 WL 664551, at *1 (N.D. Cal. Feb. 22, 2013) ("When evaluating a motion to stay, a primary factor the court should consider is the preservation of judicial resources."). In addition, there does not appear to be any significant prejudice to Defendants from a slight delay in ruling on their motion to enforce. *See Segovia v. Bristol-Myers Squibb Co.*, No. 15-00519 DKW-RLP, 2016 WL 7007482, at *1 (D. Haw. Nov. 30, 2016) (finding that "the absence of prejudice" to one of the parties supported granting a motion to stay); (*see also* Dkt. (showing that Defendants have not responded to Mr. Gurson's motion to extend).) For these reasons, the court strikes the May 26, 2017, noting date for the motion to enforce and stays further briefing on that motion pending further order of the court. If the court's ruling on that motion is necessary after the court's decision on the motion to remand, the court will set an appropriate noting date for Defendants' motion to enforce.

### III.   CONCLUSION

The court GRANTS in part and DENIES in part Mr. Gurson's motion to extend the time (Dkt. # 6) to respond to Defendants' motion to enforce a settlement agreement. The court DIRECTS the Clerk to strike the May 26, 2017, noting date for the motion to enforce (Dkt. # 4). The court ORDERS that further briefing on the motion to enforce

(Dkt. # 4) is stayed pending further order of the court.  If the court's ruling on the motion to enforce is necessary after the court's decision on the motion to remand, the court will set an appropriate noting date for Defendants' motion to enforce (Dkt. # 4).

Dated this 16th day of May, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge